UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ESTATE OF LAURA C. LARLHAM, by
her Personal Representative, Richard C.
Larlham,**

        **Plaintiff,**            **CASE NUMBER: 12-11377**
                                                      **HONORABLE VICTORIA A. ROBERTS**

v.

**OLGA DAZZO, Director, Michigan
Department of Community Health, and
MAURA CORRIGAN, Director, Michigan
Department of Human Services,**

        **Defendants.**
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff challenges the constitutionality of the Michigan Department of Community Health ("DCH") and Michigan Department of Human Services ("DHS") (collectively "Defendants") policies used to count assets to determine Medicaid eligibility, a cooperative federal - state program to provide medical care to needy individuals. 42 U.S.C. §1396 *et seq.*

On April 10, 2012, Richard C. Larlham ("Plaintiff") filed a motion under FRCP 65(a) and (b), requesting a Temporary Restraining Order ("TRO"), Preliminary Injunction ("PI"), and Request for Expedited Relief enjoining Defendants from applying certain

State Medicaid policies when determining Medicaid eligibility of Laura Larlham ("Mrs. Larlham"). On April 17, 2012, this Court held a hearing and denied Plaintiff's Motion. On May 23, 2012, Defendants filed a Combined Motion to Dismiss and/or for Summary Judgment; they say Plaintiff does not have standing to challenge the policies and that the policies do not violate federal rights. Plaintiff requests summary judgment in Mrs. Larlham's estate favor. The matter is fully briefed and is ready for a decision.

The Court concludes that it does not have subject matter jurisdiction. Plaintiff's motion for summary judgment is **DENIED**; Defendants' is **GRANTED**.

## II.     BACKGROUND

Plaintiff is the Personal Representative for the Estate of Laura C. Larlham and is her surviving spouse. Because Mrs. Larlham suffered from advanced multiple sclerosis, Plaintiff placed her in a nursing home on September 14, 2011, where she resided until her death on December 18, 2011. Plaintiff applied for benefits on March 19, 2012, requesting that they be made retroactive for the period of December 1, 2011 through December 18, 2011 for Mrs. Larlham. Plaintiff claims the Medicaid application will be denied if the State considers his assets as the "community spouse." However, he says the Medicaid statute provides that an institutionalized spouse shall not be deemed ineligible for benefits by counting resources of a community spouse if she assigns her right to support to the State. Mrs. Larlham did make this assignment of support rights as part of her application, thereby making Plaintiff's assets unavailable to her. However, the State contends that Michigan law does not provide for spousal support rights and, therefore, Mrs. Larlham has no rights to assign. An institutionalized spouse

is a spouse who is in a "medical institution or nursing facility." 42 U.S.C. §1396r-5. A community spouse is "the spouse of an institutionalized spouse." *Id.*

While Plaintiff's application for Medicaid was pending, he filed suit on March 27, 2012 seeking declaratory and injunctive relief against Defendants' policies which he says violate federal law. His application for Medicaid benefits remains pending.

### C. Plaintiff's Arguments

Plaintiff says that he has standing to challenge Defendants' policy even though Defendants have not made a decision on Mrs. Larlham's application. Plaintiff believes that when the State does consider the application, it will apply policies that violate federal law. He says that the State of Michigan will take his assets into consideration and that will be the basis to deny Medicaid benefits. Plaintiff says that this injury is imminent and can be redressed by a declaratory judgment. Plaintiff challenges other provisions of the State's policies concerning countable assets for purposes of determining Medicaid eligibility.

## C. Defendants' Arguments

Defendants ask the Court to deny Plaintiff's motion for summary judgment, grant its motion for summary judgment and/or motion to dismiss and award reasonable attorney fees. In the alternative, Defendants ask the Court to decline to exercise jurisdiction.

Defendants challenge Plaintiff's standing. Defendants say that a decision has not been made on Mrs. Larlham's Medicaid application; thus, her estate has not suffered an injury that can be redressed by the Court. Defendants argue that the claim is not ripe for review because it is unknown whether Mrs. Larlham's Medicaid

application will be denied and, if so, on what grounds. Defendants state that it is possible that the application could be granted or denied for reasons other than the policies Plaintiff allege violate federal law.

Further, the State recognizes that while federal law prohibits a community spouse's assets from preventing an institutionalized spouse from becoming eligible for Medicaid when all support rights are assigned to the State, Defendants say this provision does not apply since Michigan has no spousal support rights. Thus, the Defendants say, there can be no valid assignment of rights because no right exists. The State says that determining Medicaid eligibility is an administrative function governed by many factors. Thus, Plaintiff cannot say with certainty that the policies used to determine a community spouse's assets will be applied. Further, Defendants contend that the State of Michigan's policies for determining Medicaid eligibility are in accordance with federal law.

### III.  STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits. *Federal Ins. Co. v. Hartford Steam Boiler Insp. and Ins. Co.*, 415 F.3d 487, 493 (6th Cir. 2005). "The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." *Lee v. City of Columbus*, 636 F.3d 245, 249 (6th Cir. 2011). On a motion for summary judgment, the facts must be viewed in

the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment is particularly appropriate where . . . the case turns upon an issue of law, such as the construction of a statute." *Salazar v. Brown*, 940 F.Supp. 160, 161 (W.D. Mich. 1996).

IV.     ARGUMENT

    A.  Justicability

Article III, Section 2 of the United States Constitution confines the federal courts to adjudicating "cases" and "controversies." U.S. Const. art. III, § 2. The existence of a case or controversy is a "bedrock requirement" for federal court jurisdiction. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471 (1982). "No principle is more fundamental to the judiciary's proper role in our system of government than th[is] constitutional limitation of federal court jurisdiction . . . ." *Raines v. Byrd,* 521 U.S. 811, 818 (1997) *(quoting Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). Absent a case or controversy, the Court lacks jurisdiction and the case must be dismissed. *Steel Company v. Citizens for a Better Envt.*, 523 U.S. 83, 94 (1998) (*quoting Ex parte McCardle,* 74 U.S. 506, 514 (1868)).

        i.     Standing

The Court finds that the Plaintiff does not have standing, applying the case-or-controversy requirement of *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). *Id.* at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.")). Standing is a threshold jurisdictional question that must be resolved in a plaintiff's favor before the Court may proceed to the

merits. *Steel Company*, 523 U.S. at 88-89. That is, whether in resolving the dispute, the federal court would be acting in a manner "consistent with a system of separated powers." *Flast v. Cohen*, 392 U.S. 83, 97 (1968). Federal courts exist "to decide on the rights of individuals." *Marbury v. Madison*, 5 U.S. 137, 170 (1803). Vindicating the public interest, on the other hand, "is the function of Congress and the Chief Executive." *Lujan*, 504 U.S. at 576. Therefore, this Court must be satisfied that Plaintiff has alleged "such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal court jurisdiction." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Asserting a right to have the government act in accordance with the law or Constitution, without more, is not sufficient to confer standing. *Allen v. Wright*, 468 U.S. 737, 754 (1984).

To have standing, Plaintiff must satisfy three requirements: (1) injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) the likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

The party invoking federal jurisdiction has the burden to establish that he has standing. *Lujan*, 504 U.S. at 561 (*citing FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Each of these elements must be supported "with the manner and degree of evidence required at the successive stages of the litigation." *Id.* In the context of a Rule 56 motion for summary judgment, a plaintiff cannot rely upon mere allegations of injury. *Dep't of Commerce v. United States House of Representatives*, 525 U.S. 316, 329 (1999). Rather, "a plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits." *Id*

a. **Plaintiff has no injury because there has not been a decision on Mrs.**

**Larlham's Medicaid application.**

Because DHS has not made an eligibility determination on the Plaintiff's Medicaid application, the Court finds that Plaintiff has not suffered an injury.

An injury is the invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Id.*  A purely legal injury is sufficient to confer standing if it is palpable.  *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 64 n.6 (1963);

Plaintiff's injury is not palpable because it rests upon future events, many of which are not certain to occur.  Plaintiff would have the Court assume Mrs. Larlham's application for Medicaid will be denied; more particularly, Mrs. Larlham's application will be denied based on Medicaid policies used to calculate community spouse's resources, Plaintiff claims.

Moreover, Plaintiff says that he is certain that Defendants will use the policies to deny Mrs. Larlham Medicaid benefits; he asks the Court to assume this and conclude that these policies violate federal law.

In support of its motion, -- and its argument that a decision could be made on the Larlham application based on unrelated policies -- Defendants provided the Court with a copy of Mrs. Larlham's Medicaid application.  It says that Mrs. Larlham had assets totaling over $45,000.  According to Medicaid policies, Defendants argue, and Plaintiff does not refute, Mrs. Larlham's application could be denied based on her individual assets if found to be $45,000, not the policies used to calculate a community spouse's resources which Plaintiff challenges.

Plaintiff cannot argue that Mrs. Larlham has or will be injured by Defendants'

policies when he cannot state that Defendants will deny Mrs. Larlham benefits or that in denying Mrs. Larlham benefits, Defendants will apply the challenged policies. *See c.f. Wis. Dep't of Health & Family Servs.*, 534 U.S. at 478 (Court heard claim after determining that "Medicaid eligibility was delayed by the application of petitioner Wisconsin Department of Health and Family Services' income-first method").

Because the Court cannot anticipate whether or why Mrs. Larlham will be denied Medicaid, her estate has not been injured;  Plaintiff has no standing.

There is no need to consider the second and third prongs of *Lujan*'s standing requirements, causation and redressability, since there is no injury.

### VI.    CONCLUSION

Plaintiff's motion for summary judgment is **DENIED**.  Defendants' motion for summary judgment is **GRANTED**.

**IT IS ORDERED.**


                                                       S/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge
Dated:  September 18, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 18, 2012.

 S/Carol A. Pinegar

Deputy Clerk

9