UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ESTATE OF LAURA C. LARLHAM,** by
her Personal Representative, Richard C.
Larlham,

        **Plaintiff,**          CASE NUMBER: 12-11377
                                                HONORABLE VICTORIA A. ROBERTS

v.

**OLGA DAZZO,** Director, Michigan
Department of Community Health, and
**MAURA CORRIGAN,** Director, Michigan
Department of Human Services,

        **Defendants.**
_____/

## ORDER

On September 18, 2012, the Court entered an Order (Doc. #25) and Judgment (Doc. #26) in favor of Defendants, dismissing Plaintiff's claim because she lacked standing, given that the Michigan Department of Human Services had not made a determination on Plaintiff's Medicaid application and because Plaintiff was merely speculating on the reasons why the application might be denied.

On October 2, 2012, Plaintiff filed a Motion for Reconsideration (Doc. #26), arguing that the Court was unaware that Defendants denied Plaintiff's Medicaid application on September 17, 2012, relying on the policies of spousal support rights. The spousal support rights were one of the reasons advanced by Plaintiff in opposition to Defendants' summary judgment motion as an unlawful basis to deny benefits.

Plaintiff now argues that there was a palpable defect in the Court's reasoning

1

because the Court's decision was based on the "mistaken belief that defendants had not denied plaintiff's Medicaid application." In the alternative, Plaintiff argues that she did have standing when she filed her lawsuit.

These arguments are intertwined, inasmuch as to have standing to sue, a party must have standing -- which includes injury -- on the date the action is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, n. 5 (1992) ("standing is to be determined as of the commencement of suit"); *Cleveland Branch NAACP v. City of Parma*, 263 F.3d 513, 524-26 & n.11 (6th Cir. 2001), *cert. denied*, 535 U.S. 971(2002) (finding that standing is determined at the time the complaint was filed).

Plaintiff failed to demonstrate a palpable defect by which the Court and the parties have been misled. L.R. 7(g)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.* "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

Plaintiff's arguments presents the same issue already ruled on by the Court. The Court has already found that Plaintiff suffered no injury because there had been no decision on the Medicaid application when suit was filed, or when the Court entered its Order of September 18, 2012.

For these reasons, the motion is **DENIED**.

**IT IS ORDERED.**

   /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 26, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 26, 2012.<br><br>S/Linda Vertriest<br>Deputy Clerk |